# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:22-cr-00011-RP-5 |
| | § | |
| **RODOLFO GUERRA (5)** | § | |
| *Defendant* | § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on May 24, 2023, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, signed by the Court on May 4, 2023 (the "Petition") (Dkt. 332). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On January 18, 2022, a grand jury in the United States District Court for the Western District of Texas, Austin Division, indicted Defendant Rodolfo Guerra on one count of Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §§ 846{841(a)(1) & (b)(1)(C)). Dkt. 3. Defendant was arrested and ordered released on conditions on January 27, 2022. Dkt. 39. Defendant pled guilty to the charge in the indictment on April 25, 2022, and is set to appear before the District Court for sentencing on June 23, 2023. Dkt. 176; Dkt. 327.

The Petition alleges that Defendant submitted urine specimens on February 15, 2023 and February 23, 2023 that were confirmed positive for methamphetamine. Dkt. 332 at 1. Defendant also tested positive for use of cannabinoids and cocaine in March 2022. Dkt. 167.

The Court has considered the Pretrial Services Report, the Petition, Defendant's testimony, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C.

1

§ 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that Defendant has violated Condition 7(m) of his release, requiring that he not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if he remains on release, and that he is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142 and 3148. Defendant expressed his willingness to make his best efforts in outpatient treatment and was admonished that any further violation is likely to result in revocation of his pretrial release.

Accordingly, Defendant is **HEREBY ORDERED** to abide by all conditions in the Order Setting Conditions of Release (Dkt. 39) and follow all instructions from Pretrial Services.

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 332) is **DENIED**.

**SIGNED** May 24, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE